# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1440
Lower Tribunal No. 73-5469 A
_____

**Milton Jay Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Richard L. Hersch, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.

Before SUAREZ, SALTER, and LOGUE, JJ.

SUAREZ, J.

Milton Jay, Jr. appeals the denial of his motion for post-conviction relief. Jay was 17 years old when he pled guilty to second-degree murder in 1973. He was

sentenced to life with the possibility of parole. Jay contends that his sentence is unconstitutional under the Eighth Amendment and based on the United States Supreme Court's decision in <u>Miller v. Alabama</u>, 567 U.S. 460 (2012), and the Florida Supreme Court's decision in <u>Atwell v. State</u>, 197 So. 3d 1040 (Fla. 2016).

We affirm the trial court's order denying Jay's motion for post-conviction relief, and hold that because Jay was sentenced to life with parole eligibility, was later paroled from prison three separate times, and then violated each parole by committing new crimes as an adult, neither <u>Miller</u> nor <u>Atwell</u> is implicated and Jay is not entitled to resentencing.

## Facts

Milton Jay, Jr. was born on November 8th, 1955. In July 1973, when he was 17 years old, he was charged with first-degree murder. On April 23, 1974, Jay pled guilty to second-degree murder and was sentenced to life imprisonment with the possibility of parole.

On July 1, 1980, at the age of twenty-five and after serving approximately six years in prison, Jay was released and placed on parole supervision. In 1982 he violated that parole and was sentenced to additional five-year terms after being convicted of Battery on a Law Enforcement Officer and Possession of Cocaine. His parole was revoked effective June 30, 1982.

On April 29, 1986, Jay was once again released on parole supervision. In 1988, he was taken into custody on a

parole violation. He was sentenced to an additional term of 366 days in prison for Robbery with a Firearm and Possession/Use of a Firearm. His parole was again revoked shortly after.

On January 12, 1993, for a third time, Jay was again release from custody on parole supervision. In December of 2001 Jay was again returned to Department custody for a parole violation, this time having been sentenced to a term of seven years for Racketeering and Conspiracy to Traffic in Cocaine. His parole was revoked in February 2002.

In April of 2017, Jay filed his motion for post conviction release to correct illegal sentence, which the trial court denied and which we now review de novo.

Issues and Analysis

Jay asserts that pursuant the United States Supreme Court's decision in Miller, and the Florida Supreme Court's decision in Atwell, he is entitled to resentencing under section 921.1401, Florida Statutes (2016). Miller establishes the threshold which must be met before an Eighth Amendment challenge can be raised in this context: a juvenile offender, sentenced to life without parole. It also requires individualized sentencing that considers mitigating circumstances, and that a juvenile offender must receive some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. Cf. Graham v. Florida, 560 U.S. 48, 75 (2010).

Atwell extended the Miller decision to include life sentences with the possibility of parole where the sentence effectively resembles a life without parole sentence. The offender in Atwell was charged with first-degree murder and was sentenced to life with the possibility of parole. Atwell, 197 So. 3d at 1050. However, Atwell's effective parole release date under the parole guidelines was almost 140 years in the future. Id. The Florida Supreme Court struck down this sentence, as the sentence did not grant the offender the meaningful opportunity for release and lacked the individualized sentencing consideration required by Miller.

Further, in Rooks v. State, 224 So. 3d 272 (Fla. 3d DCA 2017) and Vennisee v. State, 235 So. 3d 947 (Fla. 3d DCA 2017), we held that a defendant is not entitled to relief under Miller where the defendant cannot make a threshold showing that they effectively received a sentence of life without parole or a sentence that failed to afford them a meaningful opportunity to obtain early release. As such, when a defendant, such as Jay, has been released on parole several times and had that parole revoked for new law violations committed as an adult, they are not entitled to relief.

Applying these holdings to Jay's case, it is clear that he cannot make the threshold showing required under Rooks and Vennisee. He was not sentenced to life imprisonment without parole and was not denied a meaningful opportunity for release. He was paroled three times during his life sentence, and each time he had

4

his parole revoked for committing new crimes. Therefore he is not entitled to resentencing.

Conclusion

We hold that Jay is not entitled to resentencing under Miller or Atwell. Jay committed a homicide while he was a juvenile, and was sentenced in 1973 to life with the possibility of parole. He was paroled three times—first in 1980, then 1986, and finally in 1993—and each time violated that parole by committing additional crimes. We therefore hold that Jay was provided with a meaningful opportunity for release, was released, and violated that release by committing new crimes as an adult, and therefore Miller and Atwell are not implicated, Jay's sentence is not illegal, and he is not entitled to resentencing.[1]

Affirmed.

---

[1] Jay requested a citation to Rooks in our opinion, as the appellant in that case petitioned the Florida Supreme Court to review our decision. If the Court had granted the petition and found in favor of the defense, it would have allowed Jay to seek review in the Florida Supreme Court as well. However the Court denied review of that case, so any citation to Rooks would be irrelevant. The State suggested including a citation to Vennisee, as the appellant in that case also petitioned the Florida Supreme Court to review our decision. This suggestion is also moot, as the Court has denied review of that case as well.